**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 27 2007

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

| UNITED STATES OF AMERICA, | No. 06-35061 |
|---|---|
| Plaintiff - Appellee, | D.C. Nos. CV-03-00017-a-HRH |
| v. | CR-99-00062-A-HRH |
| DONALD LAWRENCE RITCHIE, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Alaska
H. Russel Holland, Chief District Judge, Presiding

Argued and Submitted February 6, 2007
Seattle, Washington

Before: FISHER and TALLMAN, Circuit Judges, and MILLS,** District Judge.

Donald Lawrence Ritchie appeals the denial of his motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. We have jurisdiction under 28 U.S.C. §§ 1291 & 2253, and we affirm.

---

\*      This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.

\*\*      The Honorable Richard Mills, Senior United States District Judge for the Central District of Illinois, sitting by designation.

Ritchie raises multiple claims of ineffective assistance of counsel on appeal. *See Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984). Ritchie's first claim fails because the affidavit in support of the warrant application made no reference to any incriminating items seen during an earlier illegal entry of Ritchie's home. Similarly, a probable cause challenge to the search warrant would have been pointless because the affidavit contained sufficient and independent information from multiple informants to establish "a fair probability that contraband or evidence of a crime [would] be found" at Ritchie's home. *United States v. Celestine*, 324 F.3d 1095, 1102 (9th Cir. 2003).

Ritchie's claim that his counsel should have requested a *Franks* hearing is also unavailing because Detective Koch did not demonstrate a "reckless disregard for the truth" when he chose not to disclose two minor and immaterial pieces of information. *See Franks v. Delaware*, 438 U.S. 154, 171 (1978); *United States v. Chavez-Miranda*, 306 F.3d 973, 979 (9th Cir. 2002); *see also United States v. Garcia-Cruz*, 978 F.2d 537, 541 (9th Cir. 1992). Ritchie's final ineffective assistance claim fails because his counsel made a reasonable, tactical decision not to request an evidentiary hearing on the drug quantity used at sentencing after previously contesting the amount in his objections to the Presentencing Report ("PSR") and at Ritchie's sentencing hearing. Furthermore, because the PSR's

factual findings were amply supported by the record, the sentencing court was free to adopt them, see *United States v. Hernandez-Guardado*, 228 F.3d 1017, 1027 (9th Cir. 2000), and any subsequent hearing may have led to a finding of more methamphetamine—not less.

Ritchie also argues that the government failed to disclose exculpatory information obtained during an interview with Ritchie's fiancee, Heather Horner, in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). Even assuming Ritchie had no knowledge of Horner's statements, the information she provided would not have affected the outcome of Ritchie's trial. *See United States v. Bagley*, 473 U.S. 667, 674–75 (1985). Horner did not state that the materials she removed from the room actually belonged to someone other than Ritchie, and in any event, the jury could have convicted Ritchie based on other evidence found in his home and in his truck.

Finally, Ritchie's claim that *United States v. Booker*, 543 U.S. 220 (2005), should apply retroactively is foreclosed by our decision in *United States v. Cruz*, 423 F.3d 1119, 1121 (9th Cir. 2005), and for that reason we decline to expand his Certificate of Appealability.

**AFFIRMED**

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

MAR 30 2007

by
Deputy Clerk